Robert A. Roseman, Esq.
Law Offices of Robert A. Roseman
111 John Street, Suite 800
New York, New York 10038
E-mail: rosemanlaw@hotmail.com
Tel: 212-425-6200
Fax: 646-378-4410
*Attorney for Defendants*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

GUANGZHOU LOVE LIVE CULTURE
DEVELOPMENT LIMITED COMPANY, a : Case No.: 1:16-cv-862 (CBA-ST)
China limited company,

                      Plaintiff,

- against -

                                   : ANSWER

BELINDA INTERNATIONAL LIMITED, a
New York business corporation d/b/a
BELINDA INTERNATIONAL
ENTERTAINMENT GROUP and KAM
YAN LEUNG a/k/a ANGELA WONG, an
individual,

                     Defendants.

-----------------------------------------------------------X

      Defendants BELINDA INTERNATIONAL LIMITED d/b/a Belinda International Entertainment Group ("Belinda") and KAM YAN LEUNG a/k/a Angela Wong ("Wong"), by their attorney ROBERT A. ROSEMAN, ESQ., answering the Complaint in the within action, allege as follows:

      1. Deny each and every allegation set forth in paragraphs "19," "20," "21," "24," "25," "26," "28," "29," "31," "34," "35," "36," "39," "40," "42," "43," "44," "45," and "46" of the Complaint.

      2. Deny knowledge or information sufficient to form a belief with respect to the allegations set forth in paragraphs "6," and "22" of the Complaint.

      3. Deny each and every allegation set forth in paragraph "1" of the Complaint except

admits that this purports to be an action for legal and equitable relief in connection with an entertainer/concert performance agreement and that the purported agreement is annexed as Exhibit A to the Complaint.

4. Deny each and every allegation set forth in paragraph "2" of the Complaint as to Wong and otherwise refers the court to the Agreement (as defined in the Complaint) for its terms.

5. Deny each and every allegation set forth in paragraph "3" of the Complaint as to Wong and admits payment of monies was made to Belinda.

6. Deny each and every allegation set forth in paragraph "4" of the Complaint except admit that the Backstreet Boys did not furnish their services.

7. Deny each and every allegation set forth in paragraph "5" of the Complaint as to Wong; and deny each and every allegation set forth in paragraph "5" of the Complaint as to Belinda except admit that Plaintiff demanded monies and not all of the monies demanded were paid to Plaintiff.

8. Admit each and every allegation set forth in paragraph "8" of the Complaint except deny that Angela Wong is a "fictitious name" and further avers that defendant Kam Yan Leung is also known as Angela Wong and still further avers that Wong is her husband's name.

9. Deny each and every allegation set forth in paragraph "13" of the Complaint except admit that Belinda does and at all relevant times, did business as Belinda International Entertainment Group.

10. As to paragraph "15" of the Complaint, Belinda refers the court to the agreement for its terms.

11. Deny each and every allegation set forth in paragraph "23" of the Complaint except admit that Belinda paid $640,000.00 to Plaintiff.

12. Deny each and every allegation set forth in paragraph "30" of the Complaint except admit that Wong signed the Agreement on behalf of Belinda.

13. Deny each and every allegation set forth in paragraph "32" of the Complaint except admit that Belinda paid $640,000.00 to plaintiff.

14. Deny each and every allegation set forth in paragraph "33" of the Complaint except admit that Belinda does and, at all relevant times, did business as Belinda International

2

Entertainment Group as stated in the Complaint.

15. Deny each and every allegation set forth in paragraph "38" of the Complaint except admit that plaintiff paid monies to Belinda and refers the court to the Agreement for its terms.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

16. The First Claim For Relief sounds in contract arising out of an express agreement.

17. The Second Claim For Relief for Unjust Enrichment sounds in quasi-contract.

18. Under New York law, the existence of an express agreement precludes recovery in quasi contract for events arising out of the same subject matter.

19. By reason thereof, the Second Claim For Relief must be dismissed.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

20. The First Claim For Relief sounds in contract arising out of an express agreement.

21. The Third Claim For Relief sounds in the Implied Duty of Good Faith and Fair Dealing and is based upon the same facts as the First Claim For Relief.

22. Under New York law, a separate cause of action for breach of the implied covenant of good faith and fair dealing is redundant and not recognized when a breach of contract claim, based upon the same facts, is also pled.

23. By reason thereof, the Third Claim For Relief must be dismissed.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

24. The Complaint fails to state a cause of action.

WHEREFORE, Defendants demand judgment against Plaintiff as follows:

A. Dismissing the Complaint and the Claims set forth therein.

B. For the costs and disbursements of this action, including reasonable attorneys fees.

C. For such other and further relief as to the court may seem just and proper.

Dated: New York, New York
May 6, 2016

Law Offices of Robert A. Roseman

BY: _____
Robert A. Roseman
111 John Street, Suite 800
New York, New York 10038
Tel: (212) 425-6200
Fax: (646) 378-4410
E-mail: rosemanlaw@hotmail.com

Attorney for Defendants