**ROBERT A. ROSEMAN**
ATTORNEY AT LAW
111 JOHN STREET - SUITE 800
NEW YORK, NEW YORK 10038
(212) 425-6200
FAX: (646) 378-4410

September 29, 2016

<u>VIA ECF</u>
The Honorable Carol Bagley Amon
United States District Court
Eastern District Of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: Guangzhou Love Live Culture Development Limited Company v. Belinda
        <u>International Limited, et al.; Civil Action No. 1:16-cv-862 (CBA - ST)</u>

Dear Judge Amon:

    I represent the defendants in the above - referenced action.

    I write, pursuant to Local Civil Rule 37.3, to respectfully request that a Subpoena served upon a third-party, Cathay Bank, for production of defendants' bank records by October 5, 2016 be quashed; and for a temporary restraining order prohibiting Cathay Bank from making such production pending resolution of this discovery dispute by the court. In the alternative, Plaintiff should be directed to withdraw the Subpoena without prejudice to serving another Subpoena based on the ruling of the Court. A copy of the Complaint in the within action accompanies this letter as Exhibit A; a copy of the Answer in the within action accompanies this letter as Exhibit B; and the Subpoena served upon Cathay Bank accompanies this letter as Exhibit C.

    At the outset, the defendants have standing to contest the Subpoena served upon Cathay Bank by virtue of their privacy interest in their own bank records. <u>Brown</u> v. <u>Hempstead Union Free Sch. Dist.</u>, 2016 U.S. Dist. LEXIS 2443 (E.D.N.Y., 2016), citing <u>Zagroba</u> v. <u>York Restoration Corp.</u>, No. 10 CV 2663, 2011 U.S. Dist. LEXIS 57118, 2011 WL 2133837, *1 (E.D.N.Y. May 26, 2011) (plaintiffs 'have a privacy interest in their own bank records' and thus have standing to challenge subpoenas), and <u>Carey</u> v. <u>Berisford Metals Corp.</u>, No. 90 Civ. 1045, 1991 U.S. Dist. LEXIS 3776, 1991 WL 44843, at *7 (S.D.N.Y. 1991) (party's privacy interest in bank records sufficient to confer standing).

    Pursuant to FRCP 26(b)(1), a party may only obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case and the burden is upon the party seeking discovery to show relevance. <u>Hawkins</u> v <u>MedApproach Holdings, Inc.</u>, 2014 U.S. Dist. LEXIS 185763 (S.D.N.Y., 2014). Further, FRCP 45(d)(3)(A) (iii) and (iv) provides that a Subpoena <u>must</u> be quashed or modified where it requires disclosure of protected matter or subjects a person to undue burden. FRCP 45(d)(3)(B)(i) provides that the court may quash or modify a subpoena if it requires disclosure of a trade secret or commercial information. A Subpoena also will be quashed where it is overbroad and unreasonable. All of these bases for quashing a Subpoena are present here.

<u>The Claims For Relief In The Within Action</u>

    The Complaint (Exhibit A) sets out three Claims For Relief, Breach of Contract, Unjust Enrichment and Breach of the Implied Duty of Good Faith and Fair Dealing. All Claims For Relief arise out of the same subject matter. A claim for unjust enrichment is a quasi-contract

claim.  Under New York law, the existence of a written contract governing the same subject matter precludes recovery in quasi contract for events arising out of the same subject matter and the unjust enrichment claim must fail as a matter of law.  <u>D'Amato</u> v. <u>Five Star Reporting, Inc.</u>, 80 F. Supp. 3d 395, at 421 (E.D.N.Y., 2015).

In the same vein, "New York courts do not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled, and the latter claim should 'be dismissed as redundant (citations omitted). " <u>Sikarevich Family L.P.</u> v. <u>Nationwide Mut. Ins. Co.</u>, 30 F. Supp. 3d 166, 170 (E.D.N.Y., 2014).  Thus, there an be no basis for discovery at all on the claims for Unjust Enrichment and Breach of the Implied Covenant of Good Faith and Fair Dealing because they are not viable and documents sought in connection therewith can only be irrelevant.

The Subpoena Seeks Irrelevant Documents As Well As<br/><u>Trade Secrets/Proprietary Information Which Is Protected Matter</u>

The Subpoena (Exhibit C) commands Cathay Bank to produce documents which are irrelevant, contain trade secrets/proprietary information/commercial information constituting protected matter, and  which are overbroad and unreasonable.

The Court is respectfully urged to review the content of the Subpoena which is Exhibit C accompanying this Letter, particularly the demands for documents made at pp. 1-2 thereof.  At the outset, the term "Relevant Time Period" (as well as "Account") are not defined in the Subpoena so that the parameters of the applicable time period for discovery are not clear.  But there are references to December 1, 2009 as the seeming starting point for the time period covering production of documents.  This is an arbitrary date without any relevance to the Claims For Relief in the Complaint.  The Agreement which is at the center of the entire Complaint is dated May 27, 2014 and was executed on June 5, 2014 (exhibit A annexed to Exhibit A annexed hereto).  Consequently, there can be no documents which  demonstrate liability or which could lead to evidence demonstrating liability for breach of the Agreement or, for that matter, damages arising out of any breach until on or after the date the Agreement was executed.  At the very least, the Subpoena should be limited so as to have the time period commence from June 5, 2014.

More important, the document demands are irrelevant to this action.  The subject matter of the Agreement in this action concerned a musical group known as the Backstreet Boys and a tour of venues in China from March 6-28, 2015 (see exhibit A to Exhibit A annexed hereto).  Belinda has been engaged in other ventures having nothing to do with the Backstreet Boys, the tour dates in question, the Agreement at the center of this action or with Plaintiff.  Belinda has acted as agent for promoters in China and elsewhere concerning other well known artists.  The fees paid to other artists and the fees paid by the various promoters, as well as the contact information for the artists and promoters are trade secrets/proprietary information vital to the business of Belinda and constitute protected matter.  Similarly, the costs and expenses incurred by Belinda in connection with other ventures and even the engagement at issue are trade secrets and at the very least proprietary information and not for attribution to this Plaintiff or anyone else.  Costs and expenses for general overhead are also proprietary to Belinda and have no relevance to any issues in this case.  All of this information would be compromised if the documents sought were provided to Plaintiff by Cathay Bank.

<u>The Demands Are Overbroad And Unreasonable</u>

Furthermore, the demands are overbroad and unreasonable on their face. " '...[T]o the extent a subpoena sweepingly pursues material with little apparent or likely relevance to the subject matter it runs the greater risk of being found overbroad and unreasonable.' IBM, 83 F.R.D. at 106-07." <u>Concord Boat Corp</u>. v. <u>Brunswick Corp.</u>, 169 F.R.D. 44, at 50-51 (S.D.N.Y., 1996). In <u>Concord Boat</u>, the court found that the Plaintiff's requests were overbroad and unreasonable, in part, because "...plaintiffs' requests for documents effectively encompass documents relating to every transaction undertaken by [the parties] during the last ten years....Because these requests 'pursue material with little apparent or likely relevance to the subject matter,'...of plaintiffs' underlying...claims, th[e Concord Boat] Court [found] that they are overbroad and unreasonable."

Similarly, in the case at bar, the Subpoena makes sweeping demands for documents with, as noted, little or no consideration to whether they are relevant to this action. The Subpoena asks for literally all documents "...related to..." each of the defendants and a specified bank account maintained at Cathay Bank. It is not going too far to say that this Subpoena just asks for everything Cathay Bank has regarding each of the defendants and the specified account without any regard for whether there is any relevance to the case before the court or even any relationship between the parties. Even in <u>Concord Boat</u>, the requests were limited to transactions between the parties whereas here, the documents requested go beyond transactions between the parties. According to the Subpoena, the demands include, but are not limited to, all opening and closing account documents, all monthly account statements, the front and back side of each and every check issued from or deposited into the (undefined) Account, all in-coming and out-going wire transfers (including the account numbers for third party senders and receivers accounts) and all deposit and withdrawal slips or forms from December 1, 2009 forward. Even these supposedly more focused demands require production of everything without any regard for relevance to anything in the within action.

As in <u>Concord Boat</u>, these document demands fail to state the nature of the documents plaintiff seeks with reasonable particularity. These requests do not limit their scope to documents relating to the specific transaction at issue in this case or even transactions between Plaintiff and Defendants. As in <u>Concord Boat</u>, this is just a fishing expedition seemingly intended to reel in 'material with little apparent or likely relevance to the subject matter' at hand, and comports with neither the letter nor the spirit of the federal civil discovery rules. Again, as in <u>Concord Boat</u>, the Subpoena falls within Rule 45(c)(3)(A)'s prohibition on subpoenas that subject a witness to "undue burden."

I have consulted with the defendants' attorney but we were unable to resolve this dispute.

It is respectfully requested that the Subpoena be quashed and that pending a determination of the court, Cathay Bank should be restrained from complying with the Subpoena or Plaintiff should be directed to withdraw the Subpoena without prejudice to serving another Subpoena based on the ruling of the Court.

Respectfully submitted,

Robert A. Roseman